Use of BENJAMIN F. DUNCAN, State of Delaware, *vs.* JAMES T. RICHARDSON *et al.*

New Castle County, February Term, 1895.

**Jurisdiction. Bond. Forgery.**—Where a surety on the bond of a tax collector denies that he signed it the Court will entertain an application to open the judgment, but where it is claimed that the signature was procured by fraud it will not take jurisdiction, but leave the party to his remedy in Chancery.

**Jury. Issue.**—In such case where the signature is denied the Court will not determine the question of fact, but will direct that an issue be framed so that it may be passed upon by a jury.

This was a judgment entered upon the bond of Thaddeus T.

Richardson as Collector of Taxes for Mill Creek Hundred against said collector and his sureties.

*Davis* and *Lynam*, attorneys for Rebecca Richardson, one of the defendants in the judgment, obtained a rule to show cause why the judgment against her should not be vacated upon her affidavit filed, alleging that her name was placed on the bond without her authority.

*Nields*, for Benjamin F. Duncan, another of the sureties and who held the judgment by assignment, opposed the application, contending that the Court had no jurisdiction, it being properly cognizable in the Court of Chancery and that the Superior Court had so decided upon the application of Duncan, in the same judgment, to vacate it as to him.

PER CURIAM. The cases were different. In the other case Duncan had signed his name to the bond, but claimed that his signature was procured by fraudulent representations, made to him at the time, that Rebecca Richardson would sign the same, which he alleged had not been done, her signature being a forgery. Duncan's signature being admitted in the case referred to and its procurement claimed on account of fraud, the Court properly held that it was a question of fraud for the Court of Chancery and not for the Superior Court. But in the present application Rebecca Richardson *denies* that it is her signature, and contends that as to her there is no warrant of attorney, and that, therefore, no judgment is entered or could be entered against her, which makes the case clearly cognizable by this Court.

The Court will not, however, determine the question of fact, but it must be passed upon by a jury. Whereupon an issue was ordered to be framed and sent to the jury to try the question of fact.